## FAIRBANKS, MORSE & CO. v. JACOBS.

1. **Contract**: RIGHT OF ACTION: DEMAND: SETTLEMENT BY AGENT. Certain work was done by plaintiff's for defendant under a contract, which provided that upon completion of the work defendant should give a note for the agreed price of the work, and that, in default by the defendant of any of the terms of the contract, plaintiffs might declare the whole amount due and payable. Held (1) that a refusal by defendant to settle after the work was done, without a large deduction, was a refusal to give the note provided for in the contract, and that a right of action thereupon arose against defendant; (2) that defendant was not justified in refusing to settle with plaintiffs' agent on the ground that the agent did not have the contract with him at the time; (3) that no demand of the note or of settlement was necessary, under § 2)97 of the Code, in order to justify a suit on the contract for the price of the work.

2. ————: CONSTRUCTION: PERFORMANCE: QUESTION FOR JURY. It is for the court to construe a written contract, but where the question of its performance is to be determined upon extrinsic evidence, it is a question for the jury.

3. ————: PERFORMANCE: DELAY: WHOSE FAULT. Where defendant was to do certain work preparatory to the work to be done by plaintiffs under the contract, he could not complain of delay on the part of plaintiffs because they waited for him to do his preparatory work.

*Appeal from Jones Circuit Court.*

MONDAY, JUNE 21.

ACTION upon a contract and upon an account. There was a trial to a jury, and verdict and judgment were rendered for the plaintiffs. The defendant appeals.

*E. Keeler, J. W. Jamison* and *Sheean & McCarn*, for appellant.

*Remley & Ercanbrack* and *Herrick & Doxsee*, for appellees.

ADAMS, CH. J.—The defendant entered into a contract with the plaintiffs by which they were to make and erect for him

Fairbanks, Morse & Co v. Jacobs.

**1. CONTRACT: right of action: demand: settlement by agent.** a mill for pumping water, and for other purposes, for the price of $600. The contract provided that the defendant should give the plaintiffs a note, payable, twelve months from date of erection, at bank in Monticello, Iowa, with five per cent. interest from date, and that in default by Jacobs of any of the terms of the agreement the plaintiffs might declare the whole amount due and payable.

The parties are not agreed as to the time the mill was completely erected, but it seems to be conceded by the defendant that it was erected as early as January 16, 1884. No note was given. A settlement was demanded by plaintiffs, but the defendant refused to settle except upon condition that the plaintiffs would make a large deduction. This action was brought February 7, 1884. The defendant contends that nothing was then due. The court gave an instruction in these words: "If you find from the evidence in the case that the plaintiffs erected the mill and fixtures for one year or more before the commencement of this suit, or if you so find from the evidence in the case that plaintiffs erected the said mill and fixtures at any time before the commencement of this suit, and further so find that subsequent to such erection, and before the commencement of this suit, February 7, 1884, the defendant refused to execute his note for $600, then the plaintiffs are entitled to recover on said written contract." The defendant assigns the giving of this instruction as error. His position is that he was not in default for failure to give his note, because it does not appear that a note had been demanded. But a refusal to settle without a large deduction appears to us to be equivalent to a refusal to give his note for the amount called for by the contract.

It is claimed by the defendant that the plaintiffs' agent who demanded the settlement did not have the authority to make settlement at that time, because it appears that he did not have with him the contract, the same having been deposited in the bank of Monticello. But we are not able to see that

the presence of the contract was necessary for a settlement. Besides, the refusal to settle was not based upon that ground, but distinctly upon other ground.

We may say, further, that under the contract we think that no demand of a note or of settlement was necessary. The defendant, in support of his proposition that such demand was necessary, cites section 2097 of the Code. That section is in these words: "No contract for labor, or for the payment or delivery of property other than money, in which the time of performance is not fixed, can be converted into a money demand until a demand of performance has been made, and the maker refuses, or a reasonable time is allowed for the performance." It is sufficient to say that a time for giving the note was virtually fixed, to-wit, the time of the completed erection of the mill, which the defendant concedes was January 16, 1884. Besides, even if we could not regard the time as specifically agreed upon, it seems to us beyond question that a reasonable time had elapsed.

II. The defendant complains of another instruction in which the court submitted to the jury the question as to 2. ——: con- when, under the contract, the mill could be struction: per- formance: deemed to have been completely erected. It is question for jury. said that it was for the court, and not the jury, to construe the contract. It may be conceded that, where a question arises as to the construction of a written contract, it is for the court, and not the jury, to construe it. But we are not able to see that there was properly any question of construction in this case. The contract called for certain machinery, consisting of several distinct items, described in a somewhat general way. The question in controversy was as to when the plaintiffs fully performed on their part. That question depended upon extrinsic evidence, and the question as to the weight and effect of the evidence it was solely the province of the jury to determine. We see no error in the instruction.

III. The defendant pleaded as a counter-claim that he sus-

tained damages by reason of the delay of the plaintiffs in

**3. ——: performance: delay: whose fault.**

erecting the mill. The court, however, believing that the undisputed evidence showed that the delay was caused by the fault of the defendant, gave an instruction to that effect. The mill was so far erected as to be put in operation in the spring of 1883. The defendant contends that it might and should have been put in operation the fall before. The fact appears to be that the ditches necessary for the water-pipes and the operation of the mill were to be dug by the defendant; that the digging was not quite completed until the spring of 1883; and there was some evidence tending to show that the defendant might have completed the digging the fall before, but that he had reason to believe that the pipes were not ready, and would not be ready before spring, and so the digging was not finished until spring. But, as the ditches were to be dug before the pipes could be put in, we do not think that the defendant can hold the plaintiffs for failure to put in the pipes before the ditches were dug.

It is claimed, however, that the mill was not put in good running order within a reasonable time after the ditches were dug. There was evidence tending to show that, while the mill was put in operation in the spring of 1883, the defendant had considerable trouble with it afterwards, and that it ran more or less imperfectly much of the time until the sixteenth of January, 1884. On this point the court instructed the jury that the evidence showed without conflict that the difficulties in the operation of the mill arose by reason of breakage or want of repairs. The defendant complains of this instruction as not justified by the evidence. There was certainly some evidence of breakage and necessity for repairs. Whether the defective working, if any, was due wholly to that, it is not easy to determine from the evidence as it is set out in the abstract, because it is not wholly intelligible. But if it should be conceded that, independent of breakage, the mill required some adjustments and changes before it was

brought into perfect working order, we have to say that it seems to us that, under the evidence, the jury could not properly have found that there was any unreasonable delay.

We see no error.

AFFIRMED.